[Civ. No. 15475.   First Dist., Div. Two.   July 16, 1953.]

ANNA LISSMAN, as Executrix, etc., Respondent, v. ROBERT E. McDONALD et al., Appellants.

Altman & Ellis for Appellants.

Freed, Gebauer & Freed for Respondent.

NOURSE, P. J.—Plaintiff, as executrix and surviving widow of Camille Lissman, sued in declaratory relief to demand and determine her right, in the capacity of a limited partner, to the share of the annual profits of the partnership. Plaintiff had judgment as prayed and this appeal followed.

There is no dispute as to the facts, the question here being confined to an interpretation of the articles of partnership. Four individuals were named both as general and as limited partners. The investment of each, both as general and as limited partners, was listed in dollars and cents. The interest of each in both capacities was also listed in appro-

priate percentages. Therein Camille Lissman was noted as holding 20 per cent as general partner and 5 per cent as limited partner.

The business consisted of the mining, processing, and marketing of sand, gravel and similar products under the name of Monterey Sand Company, located at Seaside. It was profitable from its inception. The net profit for the year 1950 was $90,493.67. Of this amount the court awarded plaintiff the sum of $12,491.33, representing her percentage as limited partner of the undrawn profits for that year.

The trial court in its judgment declared that the partnership agreement requires: "the distribution and payment to the estate of Camille Lissman, deceased, and its successor, in the role of a limited partner in said partnership business, of its full share of profits provided by the terms of said partnership agreement upon the determination of profits for each calendar year during the term of existence of said partnership, provided that after payment of such profits, the partnership assets are in excess of all liabilities of the partnership business, except liabilities to limited partners on account of their contributions and to general partners." This was in accord with the court's interpretation of the articles of partnership made in its findings of fact.

Appellants do not follow the usual practice of stating their grounds of appeal or of listing the errors upon which they rely. It seems to be their position that under the judgment the heirs of the limited partner are relieved of personal liability for the partnership debts and also that, if the widow is allowed to draw her profits annually, then they would be required to do the same. If this be so it is the fault of the articles of partnership and not of the judgment.

No applicable authorities are cited by either party and we have not found any. In support of the judgment the learned trial judge filed a written opinion clearly stating our views on the controversy. We herewith adopt that opinion as stating the reasons for our affirmance of the judgment.

"The Court has read the transcript of the testimony herein and considered with great interest the well written briefs of the parties hereto. It does seem strange that in the long history of partnerships there is no case 'squarely in point' with the issues here. The case of *Wolchek* v. *Wecher*, 66 N.Y.S. 2d 384, does not set forth any of the terms of the partnership agreement, moreover it was only a memorandum

opinion (such as this) denying a motion for a summary judgment and holding the cause should be heard on its merits.

"There is no reason why the judge of this trial court should endeavor to write an elaborate opinion in this case. This court is often reminded of an opinion of our Supreme Court where the Court said in substance that the decision of the lower court was correct but the reasons stated therefor were wrong. This is a good case in which by appeal our higher court could establish a fine working rule for the distribution of partnership profits in limited partnerships in particular.

"Suffice it to say here that after taking into consideration all of the citations in the respective briefs herein, the evidence, the law as to limited partnerships and the reason of its enactment and then considering the agreement of these partners taken as a whole and construing all of the clauses thereof together the Court is of the opinion that this agreement is clear and certain and it is not necessary to admit or consider parol evidence in the construction thereof and that to refuse the prayer of plaintiff's complaint would compel the plaintiff to contribute additional capital to the partnership contrary to the agreement. The logic and argument in plaintiff's brief could be repeated here.

"To grant this relief would not necessarily permit plaintiff 'to kill the goose that laid the golden egg.' The parties and their counsel are astute enough to solve their financial problems short of that calamity. Shylock demanded his pound of flesh but after obtaining judgment finding the consequences too severe, if he enforced it, relented. It would seem to the Court from the evidence that these parties can work out their problem short of financial disaster to them even though it may eventually result in dissolution or reorganization of the partnership."

Judgment affirmed.

Dooling, J., and McComb, J.,* concurred.

---

*Assigned by Chairman of Judicial Council.